## Hoyt and others *v.* Slocum and others.[1]

*(Circuit Court, D. Massachusetts.* February 2, 1886.)

1. PATENTS FOR INVENTIONS—BOTTLE-WASHING MACHINE—NOVELTY.
   Patent No. 213,583, of March 25, 1879, to Miles and Lovett, is the first patent to show the whole group of instrumentalities which go to make a practical and complete bottle-washing machine.

2. SAME—ANTICIPATION—ABANDONED EXPERIMENT.
   To anticipate a patent issued in 1879 the defendants introduced evidence of two machines constructed prior to 1873. One of these machines was used for a limited period by the inventor, mostly in experimenting, when it was thrown aside, and the other was sold to a person who used it at times during several months, when it was also abandoned. *Held,* that these machines were abandoned experiments.

3. SAME—EQUIVALENTS—INFRINGEMENT.
   The fourth claim of the patent sued on specified as one element of a combination of parts in a bottle-washing machine "a fixed or stationary water supply pipe," the object of which was to deliver water to the brush used in washing the bottle. Defendants used a revolving water supply pipe, but it was joined to a stationary pipe, a stationary pipe being essential in such machines. *Held,* that these devices were fairly equivalents, and that defendants infringed.

4. SAME.
   This claim also specified a funnel-mouthed sleeve, adapted to be revolved. In defendants' machine the mouth-piece and the sleeve were in two pieces, the mouth-piece being stationary and the sleeve adapted to be revolved. The functions of the two devices were the same. *Held,* that the differences were not substantial, and that the defendants infringed.

In Equity.

*Livermore & Fish,* for complainants.

*Geo. D. Noyes,* for defendants.

COLT, J. This suit is brought for infringement of letters patent No. 213,583, granted to Miles and Lovett, March 25, 1879, for a machine for washing bottles. The complainants derive title to the patent by assignment.

While we find other machines for washing bottles previous to the invention of Miles and Lovett, all of them were more or less imperfect or incomplete. In the patented machine we see organized for the first time the whole group of instrumentalities which go to make a practical and complete bottle-washing machine. This group consists of a water supply pipe; a brush or scraper, which is rotated at the end of a shaft, and which has the capacity of compression and expansion; a funnel-shaped mouth-piece against which the neck of the bottle is to be placed; and a sleeve into which the brush is withdrawn, and which will rotate with the brush when it is not in use, and thus save it from wear. In the prior patents referred to there are some of these devices, but in none of them do we find the sleeve within which the brush is withdrawn, and which rotates with the brush so as to protect it from wear. This is an important feature in the machine, and a great improvement over any prior machine.

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

The defendants have introduced what is called the Harvey machine as an anticipation of the patented device. The Harvey machine, however, contains no provision for supplying water to the bottle. But it is claimed that it had a sleeve for holding the brush and protecting it from wear. From the fact that the Harvey machine was only used for a limited period by the person who invented it, and whose business made it necessary for him to wash bottles, and was then abandoned, the inference is a fair one that it was found not to be worth using. Harvey himself testifies that it was used mostly in experimenting. Another Harvey machine was sold to James S. Hazard, of Newport, Rhode Island. He testifies to the use of the machine at times during several months, and to its abandonment principally because it ran so hard. All this happened previous to 1873. Both these Harvey machines were thrown aside after a short time, and they may fairly be considered as abandoned experiments; at least the priority of the Harvey machine has not been proved with that clearness and certainty which are necessary.

We now come to the question of infringement. The fourth claim of the patent is as follows:

"(4) The combination, in a bottle-washer, of a fixed or stationary water supply pipe; a sleeve-shaft mounted upon and adapted to be revolved about said stationary pipe; a brush or scraper attached to the end of said sleeve-shaft, and adapted to be revolved therewith about the end of said pipe, and to be compressed to enter the neck of the bottle, and to expand to the largest interior diameter of the bottle; and a funnel-mouthed sleeve, mounted upon and surrounding said sleeve operating shaft, and inclosing the brush, and adapted to be moved endwise on said driving-shaft to uncover the brush, and to be revolved with said shaft by frictional contact therewith, or be prevented from revolving by frictional contact with the neck of the bottle, substantially as and for the purposes described."

Instead of the fixed or stationary water supply pipe, and a sleeve-shaft mounted upon and adapted to be revolved about the stationary pipe, the defendants have substituted a revolving water supply pipe, covering the brush at its forward end and joined at its rear to the stationary supply pipe. These devices are fairly equivalents. The object is to deliver the water to the brush, and a stationary supply pipe is essential to any machine into which water is to be delivered. The stationary pipe may either extend to the point where the brush is at work, as in the patent, or there may be joined to the stationary pipe a revolving pipe through which the water is carried to the point of delivery. The substitution of one means for the other does not constitute a material difference.

The main difference between the two machines relates to the encircling sleeve into which the brush is withdrawn. In complainants' machine the sleeve revolves by frictional contact with the revolving brush. The funnel-shaped mouth-piece is attached to the sleeve, and therefore revolves with it until, by the pressure of the bottle against the mouth-piece, the friction which moves it is overcome. When the

bottle is pressed against the sleeve, or its funnel-shaped mouth, or the brush leaves the sleeve, in the process of washing, it ceases to rotate. In defendants' machine the flaring mouth and sleeve are cut into two parts. The mouth-piece is stationary, and the sleeve is revolved positively by the pully which revolves the brush. In the two machines, however, the functions of the mouth-piece and the sleeve are the same. Both machines have a funnel-shaped mouth at the end of a shaft to receive the neck of the bottle. In both the sleeve rotates when the brush is withdrawn from the bottle, thus preventing the wear of the brush. Under these circumstances, whether the mouth rotates or not with the sleeve, it seems to us, is immaterial. The other differences between the two machines can hardly be considered important. We do not think this patent, bearing in mind the advance in the art therein shown, should receive the narrow construction sought to be put upon it by the defendants. We are of opinion that the defendants infringe the fourth claim of the patent by the use of substantially the same means or the equivalents to accomplish the same result. The fact that the machines made and sold by the complainants show some changes as compared with the patent is immaterial. Decree for complainants.